LESTER H. CRANSTON ET AL., EXECUTORS, ESTATE OF R. B. CRANSTON, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8890.   Promulgated January 5, 1927.

The Board has no jurisdiction to determine whether an overpayment of tax shall be credited or refunded, or whether refund is barred by the period of limitation provided by the statute.

*Frank I. Ford, Esq.*, for the petitioners.
*George E. Adams, Esq.*, for the respondent.

This is a proceeding for the redetermination of deficiencies in income tax amounting to $3,183.19 for 1921 and the period January 1 to November 3, 1923. The notice of deficiency shows the following tabulation:

| Year. | Deficiency in tax. | Overassessment. |
|---|---|---|
| 1918 | Barred. | $1,630.65 |
| 1919 | $444.48 (Adjusted under separate communication.) | |
| 1920 | | 418.12 |
| 1921 | 2,764.66 | |
| 1922 | | 277.13 |
| 1923 (Jan. 1 to Nov. 3) | 418.53 | |
| Totals | 3,183.19 | 695.25 |

FINDINGS OF FACT.

R. B. Cranston died November 3, 1923, at which time he resided at Woodland, Calif. By his will, dated January 18, 1922, he appointed his four children, Lester H. Cranston, George R. Cranston, and Thornton E. Cranston as executors, and Hazel V. Cranston as executrix. The estate having been administered and the obligations and incumbrances having been satisfied, the Superior Court of California issued a decree of distribution on the ninth day of January, 1925, distributing the real and personal property in equal shares among the children in accordance with the will.

During April, 1924, a revenue agent made an examination of decedent's liability for 1919 to November 3, 1923, inclusive, and submitted a report dated May 20, 1924, to the Commissioner. May 5, 1924, an "income and profits tax waiver" form provided by the department, waiving the statute of limitations for 1917 and 1918, was executed, being signed "R. B. Cranston, by George R. Cranston, Executor," and was filed with the Commissioner prior to June 15, 1925. The other executors and the executrix were consulted before the execution of the purported waiver and agreed thereto. On May 29, 1924, the executors executed a claim for refund for 1918 of $1,630.65, the amount of the total tax shown on the original return of the decedent for that year, filed March 15, 1919, which was received by the Commissioner June 13, 1924. A supplemental investigation of the decedent's tax liability for 1918 to November 3, 1923, was made by a revenue agent who, in a report dated July 23, 1924, recorded a refund for the calendar year 1918 in the sum of $1,630.65. Under date of October 18, 1924, George R. Cranston, executor, was notified that the claim for refund of $1,630.65 for 1918 on the return filed by R. B. Cranston, deceased, was rejected, for the reason that waivers filed by an executor of an estate are not acceptable with reference to the tolling of the statute of limitations and do not

operate to extend the period for filing claims for refund, as provided in section 281 (e) of the Revenue Act of 1924, and, since the claim was not received until June 13, 1924, it was not filed within four years from the time the tax was paid. A so-called thirty-day letter for the years 1919 to November 3, 1923, inclusive, was mailed on or about October 20, 1924. It was stated therein that the overassessment indicated for the year 1918 is barred by the statute of limitations, as explained in a separate communication. The deficiency letter is dated March 3, 1925, and contains the following with reference to the year 1918:

The apparent overassessment for the year 1918 can not be offered. It appears that under the statutes of the State of California an executor will not be permitted to waive the Statute of Limitations upon a credit which is barred. Consequently a waiver filed by an executor in the State of California would not be valid if the Statute of Limitations had run at the time the waiver was executed.

The Statute of Limitations ran against the 1918 return in question on March 15, 1924.

The waiver executed by you under date of May 5, 1924, therefore, is not valid, consequently the claim for refund filed by you on June 13, 1924, can not be allowed.

At the hearing the Commissioner moved that the petition, in so far as it relates to the year 1918, be dismissed on the ground that the Board has no jurisdiction, in that the final determination for that year was on October 18, 1924.

### OPINION.

Morris: The petitioners do not dispute the correctness of the overassessments for 1920 and 1922 or the deficiencies for 1919, 1921 and 1923. The only question raised is the refusal of the Commissioner to credit the overpayment for 1918 against the deficiencies for those years. The Commissioner contends that the Board has no jurisdiction to consider the year 1918, as his final determination for the year took place in October, 1924, and that he is without authority to refund the taxes paid in 1919 for 1918, as the purported waiver signed by one of the executors subsequent to the expiration of the period allowed by law for making assessment of taxes for the year for which such waiver was given may not, under the laws of California, be considered a valid waiver on which the allowance of a claim for refund may be based. The petitioners contend that the final determination was made by the Commissioner in his letter of March 3, 1925, that under the *Appeal of E. J. Barry*, 1 B. T. A. 156, and kindred appeals, the Board has jurisdiction of 1918, that the waiver of May 5, 1924, was valid, as the executors and heirs of the estate of R. B. Cranston were the same persons, and that therefore the over-

assessment for 1918 should be credited against the net deficiency of $2,487.24.

It is unnecessary for us to go into the various questions raised by the parties to this proceeding. We have no jurisdiction over the year 1918, even though the Commissioner's final determination as to that year is contained in the deficiency letter of March 3, 1925. *Appeal of Cornelius Cotton Mills*, 4 B. T. A. 255. As to how an overassessment for any taxable year should be applied is a matter of administrative policy which we have previously held is no part of our duty to decide. *Appeal of Cleveland Home Brewing Co.*, 1 B. T. A. 87; *Appeal of Dickerman & Englis, Inc.*, 5 B. T. A. 633. In the latter appeal we further held that whether credit or refund is barred by the period of limitation provided by the statute is beyond our jurisdiction. It follows, therefore, that the determination of the Commissioner must be approved.

> *Judgment will be entered for the Commissioner on 10 days' notice, under Rule 50.*